FREEDMAN+TAITELMAN, LLP
Michael A. Taitelman, Esq. (SBN 156254)
mtaitelman@ftllp.com
Sean M. Hardy, Esq. (SBN 266446)
smhardy@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Victim Services, Inc., National Corrective Group, Inc., and Mats Jonsson

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTIM SERVICES, INC., NATIONAL CORRECTIVE GROUP, INC., and MATS JONSSON,<br><br>Petitioners,<br><br>vs.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Respondent. | **Civ. No. 18-mc-80040-VC**<br><br>Related to:<br>Case No. 3:14-cv-05266-VC (N.D. Cal.)<br>Case No. 1:15-cv-00899 (D. Md.)<br><br>**OBJECTION AND MOTION TO STRIKE IMPROPER "RESPONSE" TO MOTION TO COMPEL CONSUMER FINANCIAL PROTECTION BUREAU TO COMPLY WITH PROPERLY-SERVED SUBPOENA** |

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioners Victim Services, Inc., National Corrective Group, Inc., and Mats Jonsson (collectively, "Petitioners") respectfully submit the following Memorandum of Points and Authorities in support of their Objection and Motion to Strike the Improper "Response" to Petitioners' fully-briefed Motion to Compel the Consumer Financial Protection Bureau ("CFPB") to Comply with Properly-Served Subpoena (Dkt. No. 220 in Case No. 3:14-cv-05266-VC).

I.   INTRODUCTION

As an initial matter, Plaintiffs lack standing to object to Petitioners' subpoena to the CFPB (the "Subpoena"). The general rule is that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). No party contends that Petitioners seek privileged documents. Plaintiffs' "Response" should be stricken for this reason alone.

Further, the "Response" is untimely in the extreme. Petitioners' Motion to Compel the CFPB to Comply with Properly-Served Subpoena (the "Motion") has been fully-briefed since December 15, 2017 (Dkt. No. 8). Moreover, the Motion was reassigned to this Court on March 13, 2018 (Dkt. No. 8). Plaintiffs have thus improperly filed an obvious surreply brief without leave of court, and in violation of the Local Rules. *See* Civ. L.R. 7-3(d). The "Response" should be stricken.

Indeed, Plaintiffs fail to identify any new argument or evidence raised in the Reply that would warrant the Court's consideration of their "Response." In fact, the "Response" asserts nothing new, and only improperly repeats one argument already raised in the Opposition (Dkt. No. 7). Specifically, the Opposition misleadingly argued – contrary to the evidence presented in the moving papers – that Petitioners only sought the discovery at issue to support a supposed "offset" of damages at trial (Dkt. No. 7 at pp. 11-12). Not so, and Plaintiffs know better.

2

OBJECTION AND MOTION TO STRIKE IMPROPER "RESPONSE" TO MOTION TO COMPEL CONSUMER FINANCIAL PROTECTION BUREAU TO COMPLY WITH PROPERLY-SERVED SUBPOENA

In Petitioners' Reply, Petitioners directly rebutted this argument and specifically stated that they seek these documents in order to demonstrate whether or not the class action mechanism is the superior form of adjudication for the putative "restitution subclass" in Plaintiffs' Putative Class Action (Dkt. No. 8 at p. 9).

The CFPB made its arguments in the Opposition, and Petitioners properly addressed those arguments in their Reply. There is no justification for this "Response." Therefore, the Court should strike it as improperly filed without leave of Court.

## II. ARGUMENT

### A. Plaintiffs Lack Standing to Object to the Subpoena

The "Response" should be stricken for the simple reason that Plaintiffs have no standing to object to the Subpoena issued to the CFPB, a non-party to the Putative Class Action. Other than objections concerning privileged information, a party to an action lacks standing to quash a subpoena served on a non-party. *See, e.g., H.I.S.C, Inc. v. Franmar Int'l Importers, Ltd.*, No. 16-CV-480-BEN(WVG), 2018 WL 2095738, at *2–3 (S.D. Cal. May 7, 2018); *California Sportfishing,* 299 F.R.D. at 643; *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D.Colo.1997). The Subpoena does not seek privileged information. The "Response" is therefore an improper legal nullity and should be stricken.

### B. The "Response" is an Improper Surreply

The "Response" is a blatant affront to this Court's Local Rules, and a truly needless provocation of Petitioners. "Once a reply is filed, ***no additional memoranda***, papers or letters may be filed ***without leave of court***[.]" Civ. L.R. 7-3(d) (emphasis added). Plaintiffs, on their own volition, have taken the extraordinary liberty of effectively filing a "surreply" over ***five months*** after the Motion has been fully briefed. Neither the Federal Rules of Civil Procedure nor this Court's Civil Local Rules provide the right to file a surreply. Civ. L.R. 7-3(d); *see also Hardgraves v. Hartley*, No. 07-1833, 2008 WL 2561924, at *1 (E.D. Cal. June 26, 2008); *Hill v. England*, No. CVF05869, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). When opposition papers

3

OBJECTION AND MOTION TO STRIKE IMPROPER "RESPONSE" TO MOTION TO COMPEL CONSUMER FINANCIAL PROTECTION BUREAU TO COMPLY WITH PROPERLY-SERVED SUBPOENA

1  raise extraneous arguments beyond the scope of the original motion, it is undisputed that a
2  movant's reply can and should address such material. *See, e.g.*, *Litton Indus., Inc.v. Lehman Bros.*
3  *Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) ("Clearly, reply papers may properly
4  address new material issues raised in the opposition papers so as to avoid giving unfair advantage
5  to the answering party [non-moving] who took it upon himself to argue those previously
6  unforeseen issues."); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495-96
7  (S.D.N.Y. 1990) ("[Non-movant] contends that sur-reply papers are justified since defendants'
8  reply papers address numerous issues for the first time. Such an argument, however, misconstrues
9  the very purpose of reply papers. The moving party may address in his reply papers new issues
10 raised in the opposition papers so as to avoid giving an unfair advantage to the answering party
11 who took it upon himself to argue those previously unforeseen issues. Although defendants' reply
12 papers addressed issues not raised in its moving papers, each point in the reply brief directly
13 responds to an issue raised in [nonmovant's] opposition papers.") (internal citations omitted).

14  Plaintiffs' "Response" consists of little more than a repetition of the argument already
15 made by the CFPB in its Opposition brief relative to damages offsets and the collateral source
16 rule. (*See* Dkt. No. 7 at pp. 11-12).  Petitioners already addressed the CFPB's misleading
17 argument in their Reply, and cited to numerous cases holding that the class action mechanism is
18 not the superior form of adjudication where the potential class has already received substantial
19 benefits (Dkt. No. 8 at p. 9).  Plaintiffs' "Response" completely ignores this point, and in doing so
20 misleads the Court.  The Motion is of paramount important for the issue of class certification,
21 which Plaintiffs will seek in the very near future.  Gallingly, Plaintiffs now seek to deny
22 Petitioners evidence directly relevant to the "superiority" class certification factor – when this
23 evidence is needed the most.

24  For these additional reasons, the "Response" should be stricken.

## III.   CONCLUSION

26  For the foregoing reasons, Petitioners respectfully request that the Court sustain their
27 objection and strike Plaintiffs' "Response" as improperly filed without leave of court.

4

**OBJECTION AND MOTION TO STRIKE IMPROPER "RESPONSE" TO MOTION TO COMPEL CONSUMER FINANCIAL PROTECTION BUREAU TO COMPLY WITH PROPERLY-SERVED SUBPOENA**

| | |
|---|---|
| DATED: May 29, 2018 | By: /s/M. Taitelman<br>Michael A. Taitelman<br>Sean M. Hardy<br>FREEDMAN & TAITELMAN, LLP<br>Attorneys for Victim Services, Inc.,<br>National Corrective Group, Inc., and Mats Jonsson |

5

OBJECTION AND MOTION TO STRIKE IMPROPER "RESPONSE" TO MOTION TO COMPEL CONSUMER FINANCIAL PROTECTION BUREAU TO COMPLY WITH PROPERLY-SERVED SUBPOENA